**HEBERT vs. LANDRY.**

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE
SECOND PRESIDING.

Parole evidence may be gone into, to show the consideration of a note.

On the 30th March, 1825, the defendant executed his promissory note payable to the plaintiff or order, at the Louisiana State Bank. The note was endorsed by the plaintiff, and at maturity protested for non-payment. Millaudon, the endorsee, brought suit and obtained judgment against both drawer and drawee, the parties to the present suit, on execution of which, the plaintiff paid one half, and to recover which, the present suit was brought. The defence set up was, that the note alluded to in the plaintiff's petition, (upon which Millaudon had brought suit,) was given in renewal of a note due to Millaudon by one Papeliot, and on which the parties to this suit, were endorsers. That both parties were equally bound in the first and second note, as the sureties of Papeliot, and in no other light.

On the trial a bill of exceptions was taken, to the opinion of the judge *a quo*, who permitted the defendant to prove by parole, the defence set up in his answer. There was judgment for the defendant and the plaintiff appealed.

*Martin, J.* delivered the opinion of the court.

The plaintiff states he is the endorser and drawee of a note of the defendant, which was protested, and on which suit was brought by a subsequent endorsee, against both the parties to the present suit, and judgment recovered ; that the present plaintiff has paid one half of the amount of the note, interest and costs.

The answer admits the execution of the note, its indorsement by the plaintiff, the judgment against both parties, but alleges fraud, and that the note was given to renew another of Papeliot; on whom the present plaintiff and defendant were endorsers and sureties, and for no other cause; that both

DUFAU
vs.
DUFLECHIER'S
SYNDIC.

parties were equally bound as the sureties of Papeliot, on the original note, and intended to be so on the one sued on, that the defendant has paid all he was bound to pay on the last note as surety of Papeliot.

There was judgment against the plaintiff and he appealed.

Our attention is first drawn to a bill of exceptions taken to the opinion of the court, who admitted parole evidence, to establish the consideration of the note, in the manner set forth in the answer.

The appellant's counsel, has relied on 9 *Toullier,* 279, *art.* 178, 184. It does not appear to us, that this authority can avail the appellant. This is an action by the drawee against the drawer of a promissory note. In such an action the latter has an undoubted right to go into an examination of the *consideration* on which the note was given, and this is generally done by parole proof, and it cannot be opposed to the drawer, that he did not take a counter letter.

Parole evidence may be gone into to show the consideration of a note.

The counsel has further contended, that the parole proof does not absolutely establish the facts, alleged in the answer. The district judge thought it did, and we do not think he erred.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.